1
2
3
4

5  **UNITED STATES DISTRICT COURT FOR THE**
6  **WESTERN DISTRICT OF WASHINGTON**

7

8  **DAVID T. GILCHRIST**
   Plaintiff

9  Case #   **3:14-cv-05020-RJB**
            **3:14-cv-05021-RJB**

10  vs.

    Combined Cases

11  **CAPITAL ONE SERVICES, LLC**   **CIVIL COMPLAINT**

12  Defendant

13

14  # MEMORANDUM
    IN SUPPORT OF
15  MOTION TO STRIKE IMMATERIAL DOCUMENT
    AND REMAND BACK TO STATE COURT

16  PLAINTIFF David T. Gilchrist files this memorandum in support of MOTION TO

17  STRIKE IMMATERIAL DOCUMENT AND REMAND BACK TO STATE COURT, stating:

18  **ISSUE**

19  1. The issue for the court is whether Capital One Services, LLC has complied with

20

21  MEMORANDUM IN SUPPORT OF
    MOTION TO STRIKE IMMATERIAL DOCUMENT
    AND REMAND BACK TO STATE COURT                David T. Gilchrist
22  Page 1                                         457 21st Ave
                                                   Longview, WA 98632
                                                   (360) 423-1196

28 U.S.C. § 1446(a) in the removal procedures of the Plaintiff's Small claims in establishing a bases for removal for 15 U.S.C. § 1692 **and** if 47 U.S.C. § 227 was intended for **original** federal question jurisdiction as "Capital One" implies regarding 28 U.S.C. § 1331 when it cites Mims v. Arrow Fin. Servs.

2. Capital One Services, LLC has not followed proper procedure for removal of Case No. 13 S 282 and Case No. 13 S 286 which were filed in the Small Claims Department of Cowlitz County District Court as mentioned in attorney Steven A. Miller's DECLARATION OF STEVEN A. MILLER IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL regarding case number 3:14-cv-05020-RJB and case number 3:14-cv-05021-RJB, which were filed January 9, 2014.

## ARGUMENT

3. In DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, AND 1446, they allege in section II, ¶ A, that "This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. The TCPA, 47 U.S.C. § 227, is a federal law, over which the federal courts have federal question jurisdiction.... In addition, the FDCPA, 15 U.S.C. § 1692-1692P, is federal law, over which the federal courts have federal question jurisdiction.

MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE IMMATERIAL DOCUMENT
AND REMAND BACK TO STATE COURT
Page 2

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 423-1196

4. The removal is based on two facts that are in dispute. First, the **only** FDCPA claim raised by Capital One Services, LLC was listed in the Verified Complaint for Relief[1] document that was never filed by the Plaintiff in the Small Claims Department of Cowlitz County District Court.

5. Capital One Services, LLC's removal was mostly based upon an FDCPA claim located in paragraph ¶¶ 27, 39-41 in a Verified Complaint for Relief by the Plaintiff served on the defendant's registered agent. However, the Verified Complaint for Relief from the plaintiff was not filed with the small claims department. The Verified Complaint for Relief was strictly intended as a communication in "good faith" to let the defendant know what I will or may argue during verbal arguments at the small claims court hearing. The verified "complaint" was and is my memorandum to read to the judge at the small claims hearing. It was not meant to be a proper pleading according to state and federal rules.

6. A signature for verification is entirely different than the signature for a pleading, especially concerning a pro se. A pro se must sign two documents in order to have an effective verified complaint that meets the courts rules. An attorney only needs one because he is already under the rules of perjury because of his or her position as a court officer. Regardless if a verification is attached onto a pleading to make one single document, both the verification and the pleading are entirely different documents and must conform to court rules in that they both must be signed. The verified "complaint" that the Plaintiff did not file but sent to the defendant's registered agent in "good faith" does not meet the court rules of both the state court and federal court for a proper pleading. Thus Rule 11(a) of the

---

[1] See Exhibit A, pages 3-10, DECLARTION OF STEVEN A. MILLER IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL.

MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE IMMATERIAL DOCUMENT
AND REMAND BACK TO STATE COURT
Page 3

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 423-1196

Civil Rules for Courts of Limited Jurisdiction has been violated and the verified "complaint" document used as evidence in support of a remand to the federal court must be stricken.

7. Rule 11(a) of the Civil Rules for Courts of Limited Jurisdiction and Rule 11(a) of the Federal Rules of Civil Procedure do not permit improper documents to be filed. Federal Rule 11(a) demands that improper documents be stricken. How much more then for a document that is not only unsigned with no address or phone number, but also not even properly filed in the Small Claims District Court?

8. **<u>A document not filed with the court remains outside the jurisdiction of the court.</u>** It is therefore, impossible to remand a document that doesn't exist in the eyes of the court.

9. Courts heavily scrutinize the removal of documents to establish proper jurisdiction. If the removing documents do not strictly comply with court rules then the move is improper,

MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE IMMATERIAL DOCUMENT
AND REMAND BACK TO STATE COURT
Page 4

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 423-1196

1 even if the defect in the removing of the document was a minor or technical defect of little substance.[2]

10. Therefore no FDCPA claim can be made.

11. Second, the TCPA statute 47 USC § 227, if left to itself as a single claim or joined with state statutes, was specifically intended by Congress so that the average citizen could bring a claim into their local small claims court without the need to hire a lawyer or learn the proper procedures for Superior State Court or Federal Court. This is not to say that federal courts have no jurisdiction over the TCPA.[3]  The federal courts for the most part have jurisdiction over federal statutes. However, the state court, especially the Small Claims, was specifically targeted as the first court of choice by Congress when creating the TCPA.

> **The . . .[Act] contains a private right-of-action provision that will make it easier for consumers to recover damages from receiving these computerized calls. The provision would allow consumers to bring an action in State court against any entity that violates the bill**. … [I]t is my hope that States will make it as easy as possible for consumers to bring such actions, preferably *in small claims court. . .*
>
> *Small claims court or a similar court would allow the consumer to appear before the court without an attorney*. The amount of damages in this legislation is set to be fair to both the consumer *and the telemarketer*. However, *it would defeat the purposes of the bill if the attorneys' costs to consumers of bringing an action were greater than the potential damages*. (**Remarks of Sen. Hollings**, **137 Cong. Rec. 30821-30822** (1991); emphasis added.)

12. 47 USC § 227, when filed in **most** Small Claims Department (like Washington State) in the United States is in a court with subject matter jurisdiction.[4]

---

[2] See Rule 3 and Rule 11a of the Civil Rules for Courts of Limited Jurisdiction and Rule 3 and Rule 11a of the Federal Rules of Civil Procedure.

[3] Mims v. Arrow Fin. Servs. LLC, No. 10-1195 (U.S. Supreme Court Jan. 18, 2012)

MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE IMMATERIAL DOCUMENT
AND REMAND BACK TO STATE COURT
Page 5

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 423-1196

13. Many courts have observed that the Legislative history supports the intent that private actions under the TCPA were to "be treated as small claims best resolved in State Courts designed to handle them. . ." [5]

14. Though the Supreme Court has ruled that 47 U.S.C. § 227 falls within 28 U. S. C. §1331[6], the court did not state that federal courts were to have exclusive jurisdiction. On the contrary, they were only pointing out that 28 U. S. C. §1331 was not voided by Congress concerning the statute as it pertains to individuals filing a TCPA claim.. Almost every Circuit agrees that state courts are the first and primary jurisdiction for most TCPA claims by private individuals. "Congress wisely foresaw that requiring plaintiffs to proceed in federal court would create a procedural burden that might cause prospective plaintiffs to forego remedial action under § 227 altogether."[7]

15. On the other hand, the TCPA authorizes state attorney generals to bring civil actions on behalf of their state's residents to obtain an injunction against such calls and to recover monetary damages.[8] The TCPA provides that the federal district courts have "exclusive jurisdiction" over actions brought by state attorney generals.[9] It thus appears that the State attorney generals and the FCC were intended to address any widespread violations through their enforcement powers in federal court – as opposed to personal efforts by individuals in

---

[4] 47 U.S.C. § 227(b)(3)
[5] See Murphey v. Lanier; 204 F.3d 911, 915 (9th Cir. 2000); ErieNet, Inc. V. Velocity Net, Inc., 156 F.3d 513, 520 (3d Cir. 1998); Foxhall Realty Law Offices v. Telecomms. Premium Servs., Ltd., 156 F3d 432, 438 (2d Cir. 1998); Nicholson v. Hooters of Augusta, Inc., 136 F. 3d 1287, 1289, modified, 140 F.3d 898 (11th Cir. 1998); Chair King, Inc. v. Houston Cellular Corp., 131 F3d 507, 514 (5th Cir. 1997).
[6] Mims v. Arrow Fin. Servs. LLC, No. 10-1195 (U.S. Supreme Court Jan. 18, 2012)
[7] Murphey v. Lanier 997 F.supp. 1348 (S.D. Cal. 1998)
[8] 47 U.S.C. § 227(f)(1)
[9] 47 U.S.C. § 227(f)(2)

MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE IMMATERIAL DOCUMENT
AND REMAND BACK TO STATE COURT
Page 6

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 423-1196

State small claims courts.[10] In fact, § 227(b)(3) is purposeful in its silence of a federal district court.

16. 47 USC § 227 was **never** intended nor designed so that the average pro se would bring, or would have their TCPA suits remanded into the federal courts. The TCPA was **never** intended to be used by the alleged violators of the law to seize and remand the cases to Federal Court based on a 28 U.S.C. § 1331 claim, where, at best, federal court would create a procedural burden that might cause prospective plaintiffs to forego remedial action, and at worst, pro se litigants would fall prey to the gamesmanship of smoke & mirrors by crafty lawyers hoping to dodge legitimate claims.

17. In fact, just within 6 days of having my two cases remanded to federal court, attorneys from "Capital One" filed a Tag-Along Action case MDL No. 2416, in which the attorneys for Capital One Bank (USA), N.A., Capital One Financial Corporation, Capital One Services, LLC, and Capital One, N.A. are attempting to play "tag-team" with Steven A. Miller of Graham & Dunn PC in order to strip these TCPA claims away from the control of the Plaintiff and remove them to the MDL. After which, Graham & Dunn will attempt to "mop up" with a motion dismissing the poorly alleged FDCPA claim found in the Verified Complaint for Relief based on Rule 12(b)(6). When faced with this type of sophisticated lawyering, the average pre se Plaintiff whom Congress had intended to keep companies like "Capital One" in check, is left in bewilderment not having any clue about what to do. This is an absolute outrage and I object to the remand and the Tag-Along. This is the gamesmanship of smoke & mirrors by crafty lawyers hoping to have "Capital One" dodge legitimate claims.

---

[10] See Schulman v. Chase Manhattan Bank (2000) 268 A.D.2d 174, 178, 710 NYS.2d 368, 371.

MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE IMMATERIAL DOCUMENT
AND REMAND BACK TO STATE COURT
Page 7

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 423-1196

18. Based upon the Supreme Courts ruling[11] and the overall opinion of the Circuit Courts and Congress regarding the TCPA, a reasonable person would conclude that when an individual files a TCPA claim by itself or with an additional state claim or claims in a court that has subject matter jurisdiction, then that case should remain in that court in which the plaintiff filed and no remand should be considered by any federal district court in which a TCPA claim has been properly filed in a State Court with subject matter jurisdiction.

WHERFORE, Plaintiff David T. Gilchrist requests this Court to enter an Order striking from the record of this cause the "Verified Complaint for Relief" found in pages 3-10 of Exhibit A in case number 3:14-cv-05020-RJB and case number 3:14-cv-05021-RJB and remand back to the Washington State Small Claims Department of Cowlitz County District Court, Case No. 13 S 282 and Case No. 13 S 286, granting such other and further relief as the Court may deem reasonable and just under the circumstances.

_____

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 423-1196
Email: mortetyranni1776@hotmail.com

Plaintiff

---

[11] Mims v. Arrow Fin. Servs. LLC, No. 10-1195 (U.S. Supreme Court Jan. 18, 2012)

MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE IMMATERIAL DOCUMENT
AND REMAND BACK TO STATE COURT
Page 8

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 423-1196